UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/04/2026

---------------------------------------------- x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION

18-md-2865 (LAK)

This paper applies to: 18-cv-9841, 18-cv-9797, 18-cv-9836, 18-cv-9837, 18-cv-9838, 18-cv-9839, 18-cv-9840

---------------------------------------------- x

## SUGGESTION OF PARTIAL REMAND

LEWIS A. KAPLAN, ***District Judge.*** This suggestion of remand is for seven cases listed in the caption and on Exhibit A, all of which were transferred to this multidistrict litigation from the District of Utah (collectively, the "Utah Transferred Cases"). As indicated, the parties consent to the remand of these cases.

This MDL has involved claims by the Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen, or "SKAT") – the agency responsible for assessing and collecting taxes in Denmark – against hundreds of U.S. pension plans, their incorporators, and their authorized representatives relating to an alleged scheme to defraud SKAT of approximately $2.1 billion dollars. The Court first provides background on the alleged scheme, then describes the procedural history of this MDL, and finally explains the current posture of the Utah Transferred Cases such that their remand now is warranted.

## I.

### A. Factual Background

Under Danish law, Danish companies are required to withhold as tax 27 percent of dividends distributed to shareholders.[1] A double-taxation treaty between the United States and

---

1 Much of this background is drawn from the Court's memorandum opinions denying defendants' motion to dismiss, *see generally In re SKAT Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300 (S.D.N.Y. 2019) (LAK), and defendants' motion for summary judgment, *see*

Denmark ("U.S.-Denmark Treaty") provides for the refund of that withheld tax to shareholders that are qualified U.S. pension plans.

The alleged scheme involved defendants and non-party payment agents and broker custodians submitting applications to SKAT for tax refunds under false and fraudulent pretenses. In each case, the alleged scheme generally proceeded as follows. First, the incorporator created a limited liability company associated with the pension plan. Second, an authorized representative for the plan granted power of attorney to a payment agent to act on behalf of the plan in relation to tax refund claims. The payment agent then completed and submitted to SKAT applications for tax refunds. Each application included, among other things, a claim form. The claim form represented that the claimant (1) owned shares in a Danish company, (2) had received dividends net of withholding tax, (3) was entitled to a refund under the U.S.-Denmark Treaty of the monies withheld from the dividends, and (4) was a U.S. pension plan exempt from U.S. taxation. The first representation was made through a "credit advice," "income advice," "tax voucher," or other similar document provided by a broker custodian. Finally, the payment agent received the purported "tax refunds" from SKAT and distributed the proceeds to the claimants and other participants in the scheme.

SKAT has alleged that the refund claims were fraudulent because the defendant plans did not own the shares in the Danish companies that they purported to own, did not received dividends or have tax withheld from dividends and thus were not entitled to the claimed refunds of the money said to have been withheld. SKAT accordingly brought actions against defendants for damages, typically asserting claims of fraud, aiding and abetting fraud, negligent misrepresentation, payment by mistake, unjust enrichment, and money had and received.

II.

**B. The MDL Generally**

On October 3, 2018, the Panel ordered consolidation or coordination before the undersigned of what then were 140 actions pending in eleven districts.[2] The MDL ultimately grew

---

*generally In re Customs and Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-md-2865 (LAK), 2023 WL 8039623 (S.D.N.Y. Nov. 20, 2023).

2 Transfer Order (Dkt 1).

Unless otherwise specified, all docket numbers refer to the master docket in this MDL, 18-cv-2865 (LAK).

to 187 individual cases, 100 of which were commenced in this district.[3]

The Court denied certain defendants' motion to dismiss,[4] which had been based primarily on the revenue rule – a common law principle that prohibits courts from hearing actions by foreign nations to enforce their foreign tax laws, whether directly or indirectly. Had the Court granted that motion, it would have disposed of all cases in the MDL. The Court, however, held that those actions did not seek enforcement of Danish tax law and thus did not implicate the revenue rule.[5] The Court has applied that ruling to all cases in the MDL.[6]

Discovery, including several requests for international discovery, proceeded for the next couple of years. On November 16, 2021, the Court set deadlines for fact and expert discovery in all cases and consolidated summary judgment briefing in a set of bellwether cases.[7] The Court ultimately denied bellwether defendants' motion for summary judgment, which again relied on the revenue rule, collateral estoppel on the basis of an English court's (later reversed) dismissal of SKAT's similar claims in English cases pursuant to England's version of the revenue rule,[8] and numerous other arguments.[9]

## C. The Cases Filed in this District

This Court then selected a large subset of the cases originally filed in this district, consolidated them for the purpose of trial ("Trial One"), and set a schedule for completion of

---

3 *In re Customs and Tax Admin. of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litig.*, No. 18-md-2865 (LAK), 2026 WL 709807, at *1 (S.D.N.Y. Mar. 13, 2026).

4 *SKAT*, 356 F. Supp. 3d 300.

5 *See id.* at 310-20 (analyzing the issue).

6 Pretrial Order No. 8 (Dkt 133).

7 Pretrial Order No. 29 (Dkt 675).

8 In *Skatteforvaltningen (The Danish Customs and Tax Administration) v Solo Capital Partners LLP,* [2023] UKSC 40, the United Kingdom Supreme Court held that the English revenue rule, which is substantially the same as that in the United States, did not apply to SKAT's claims in the English court, which were substantially the same as those asserted here.

9 *SKAT*, 2023 WL 8039623.

remaining pretrial proceedings and trial.[10] In preparation for Trial One, the Court ruled on additional motions for international discovery,[11] for summary judgment,[12] to sever,[13] and to exclude certain proposed expert witnesses.[14] The Court decided also numerous motions *in limine*.[15]

Trial One began on January 7 and concluded on February 10, 2026, when the jury returned a verdict in favor of SKAT. The Court issued a memorandum explaining in which cases and for what amounts it would issue judgment and entered judgment accordingly.[16] Defendants appealed.

---

10 Pretrial Order No. 36 (Dkt 978).

11 *In re Customs and Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-md-2865 (LAK), 2024 WL 3184978 (S.D.N.Y. June 26, 2024) (denying motions for letters rogatory for testimony of Sanjay Shah and Anthony Mark Patterson).

12 Pretrial Order No. 38 (Dkt 1069) (rejecting that 2018 tolling agreement barred claims); *In re Customs and Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-md-2865 (LAK), 2024 WL 3937599 (S.D.N.Y. Aug. 26, 2024) (rejecting same argument and statute of limitations argument).

13 Mem. Endorsement (Dkt 1102) (denying motion of defendant Michael Ben-Jacob).

14 Mem. Endorsement (Dkt 1101) (excluding Stephen E. Shay); Mem. Endorsement (Dkt 1116) (excluding C. Frederick Reish, excluding in part Kasper Bech Pilgaard, and excluding Michael S. Ross); Mem. Endorsement (Dkt 1118) (excluding in part Dr. Emre Carr); Mem. Endorsement (Dkt 1119) (denying motion to exclude Bruce Dubinsky); Mem. Endorsement (Dkt 1120) (denying motion to exclude Graham Wade).

15 Mem. Endorsement (Dkt 1150) (regarding Dubinsky's experience and qualifications); Mem. Endorsement (Dkt 1192) (regarding Elysium Documents); Mem. Endorsement (Dkt 1195) (regarding supposed evidence of comparative fault and statute of limitations defenses); Mem. Endorsement (Dkt 1198) (regarding IRS examination of pension plan); Mem. Endorsement (Dkt 1199) (regarding practice of net settlement; Mem. Endorsement (Dkt 1208) (regarding SKAT's subsequent remedial measures); Mem. Endorsement (Dkt 1210) (regarding foreign proceedings); *In re Customs and Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-md-2865 (LAK), 2024 WL 4696085 (S.D.N.Y. Nov. 6, 2024) (regarding advice of counsel defense); *see* Mem. & Order (Dkt 1357) (addressing admissibility of summary exhibits); *see also* Mem. Endorsement (Dkt 1226) (denying motion for reconsideration of Dkt 1195).

16 J. Mem. (Dkt 1526); *see* J. (Dkts 1527-83).

The Second Circuit, which heard oral argument on May 13, 2026,[17] and the cases remain *sub judice*.

On March 6, 2025, the Court consolidated a large number of the remaining cases originally filed in this district for a second and a third trial ("Trial Two" and "Trial Three," respectively),[18] and set pretrial schedules for each of them.[19] All but one of the Trial Two and Three cases since have been fully resolved, primarily by settlement. At this point, only one case originally filed in this district remains pending, and it is stayed under the Bankruptcy Code.

## D. The Remaining Transferred Cases

At this point, pretrial proceedings have been substantially completed in all 26 remaining cases transferred to this district . All are substantially ready for trial, which cannot proceed in this district. With particular reference to the Utah Transferred Cases, this Court, among other things, has dismissed the defendants' counterclaims against SKAT for unjust enrichment and promissory estoppel on the grounds that they are barred by the act of state doctrine and that those defendants failed to state a claim under Utah law.[20] It has denied all but one of those defendants' motions to dismiss on lack of personal jurisdiction, statute of limitations, and failure to state a claim grounds.[21] It has denied third-party defendant ED&F's motion to dismiss the third-party complaints against it.[22] Moreover, it has held applicable to the Utah Transferred Cases all evidentiary rulings that the Court made in the course of preparing for and conducting Trial One to the extent they are relevant, subject to comity and law of the case considerations.[23] It has denied SKAT's motion for

---

17 *See In re Customs and Tax Admin. of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litig.*, No. 25-916 (2d Cir. Apr. 16, 2025).

18 Pretrial Order No. 51 (Dkt 1513).

19 Pretrial Order No. 52 (Dkt 1514) (Trial Two); Pretrial Order No. 62 (Dkt 1875) (Trial Three).

20 *In re Customs and Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-md-2865 (LAK), 2020 WL 378046 (S.D.N.Y. Jan. 23, 2020).

21 *In re SKAT Tax Refund Scheme Litig.*, No. 18-md-2865 (LAK), 2020 WL 7059843 (S.D.N.Y. Dec. 2, 2020).

22 Pretrial Order No. 50 (Dkt 1510).

23 Pretrial Order No. 71 (Dkt 2025).

summary judgment.[24]

## III.

Nothing now warrants further consolidated or coordinated pretrial proceedings in this Court in any of the cases transferred to it for those purposes – with one salient exception. All of the 26 remaining cases – save for the seven Utah Transferred Cases – are involved, with the assistance of the Court, in settlement negotiations that appear promising. Returning those cases to their *fora* of filing at this point could well interfere with ongoing discussions. Accordingly, this Court believes that those cases should remain here pending the exhaustion of settlement efforts. But there is no reason to retain the Utah Transferred Cases. This Court therefore suggests that they be remanded to the District of Utah forthwith, a result to which the parties to those cases consent.[25]

The Clerk shall file a copy of this Suggestion with the Clerk of the Judicial Panel on Multidistrict Litigation.

SO ORDERED.

Dated: August 4, 2026

Lewis A. Kaplan
United States District Judge

---

24 Mem. Endorsement (Dkt 928).

25 Seen *See* Joint Apr. 29, 2026 Letter (Dkt 2103) at 3.

# EXHIBIT A

## THE UTAH TRANSFERRED CASES
## SDNY DOCKET NUMBERS

18-cv-9797, 18-cv-9836,
18-cv-9837, 18-cv-9838, 18-cv-9839,
18-cv-9840, 18-cv-9841